IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **TREVOR RYAN LESLEY**, <br><br> Defendant. | Case No. 3:19-cr-82-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Defendant Trevor Ryan Lesley, age 41, pleaded guilty to possession with intent to distribute methamphetamine, in violation of federal law. On February 26, 2020, the Court sentenced Mr. Lesley to a term of imprisonment of 60 months, followed by four years of supervised release. Mr. Lesley is serving his sentence at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). To date, he has served 40 percent of his sentence, and the Bureau of Prisons (BOP) has scheduled Mr. Lesley for release on June 3, 2023. On April 10, 2020, Mr. Lesley submitted his request for reduction in sentence to the warden at FCI Sheridan. On October 8, 2020, Mr. Lesley filed with the Court a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF 36. The Government opposes Mr. Lesley's motion. As explained below, the Court denies Mr. Lesley's motion to reduce sentence.

PAGE 1 – OPINION AND ORDER

## LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, *protect the public*, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including consideration of the protection of the public.

---

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to defense-filed motions because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *7 (4th Cir. Dec. 2, 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

## DISCUSSION

BOP medical records confirm that Mr. Lesley has hypertension. When he was first tested by BOP health services last year, Mr. Lesley's blood pressure appeared to be well-controlled. Since May of this year, however, after the COVID-19 pandemic lockdown began, his readings have been significantly elevated. Mr. Lesley also has high total cholesterol levels and high triglycerides, showing an increased risk of developing coronary artery disease. In addition, Mr. Lesley may be obese. Although his last recorded weight by BOP health services was 177 pounds in July 2019, Mr. Lesley reports that he now weighs 205 pounds. At 5'7" tall, his body

mass index is 32.1.2. Mr. Lesley indicates that lockdown conditions and lack of control over his diet and exercise have contributed to his weight gain.

Based on a heightened vulnerability to COVID-19, Mr. Lesley requests release to a transitional placement in the Northwest Reentry Center, contingent on full engagement in substance abuse treatment and cognitive behavioral therapy. Even if these facts were otherwise sufficient to show extraordinary and compelling circumstances,[3] when the Court considers the need to protect the public, Mr. Lesley fails to meet the high bar set by Congress for compassionate release.

Mr. Lesley was born in 1979. In 1997, he was arrested for assault. In 1999, while still on probation, he was arrested on two new counts of assault after he stabbed two victims during an attempted stereo theft. While on supervised release in 2003, he was charged with reckless endangerment and fleeing from police after he refused to let a female passenger out of his vehicle, led police on a high-speed chase, and ultimately crashed into an apartment building while intoxicated. In 2004, while on supervised release, he was arrested for possession of methamphetamine and giving a false identification to police. Several months later, while on supervision, he was arrested for theft after breaking into a neighbor's vehicle. An arrest warrant was issued when Mr. Lesley failed to appear, and police discovered that he was in possession of an additional four stolen identities. Mr. Lesley, already a felon at the time, was also found in possession of a firearm.

After serving a 13-month prison term for the identity thefts, Mr. Lesley was released on probation. His probation was revoked in 2008, and he was sentenced to an additional 30 months. In 2011, while on supervision, Mr. Lesley was arrested on charges of theft and aggravated theft

---

[3] Mr. Lesley has exhausted his administrative remedies.

after police discovered more than $10,000 of stolen property hidden at his home. He received an additional charge of theft for stealing musical equipment and was again placed on probation. In 2014, his probation was revoked, and he was sentenced to 31 months in prison, with post-prison supervision to run through July of 2021.

Mr. Lesley's pattern of criminal behavior continued through his current conviction. On September 18, 2018, while still under post-prison supervision, he was arrested after police found him in possession of 76 grams of heroin, 61 grams of meth, a loaded handgun, and more than 300 rounds of ammunition. He was released on September 27, 2018, only to be rearrested on January 22, 2019, when police found him in possession of an additional 2.76 grams of meth, 49 grams of heroin, and an airsoft gun designed to replicate a Glock pistol. Mr. Lesley was released on January 31, 2019 but was arrested again on March 20, 2019. He was found in a vehicle with methamphetamine, a meth pipe, and a handgun hidden in the air vent.

As a result of these three arrests, Mr. Lesley was charged with two counts of possession with intent to distribute heroin, one count of possession with intent to distribute methamphetamine, and one count of felon in possession of a firearm. He pleaded guilty to possession with intent to distribute methamphetamine and was sentenced on February 26, 2020, to the mandatory minimum of 60 months' imprisonment and four years of supervised release.

In addition to concerns about Mr. Lesley's proclivity for drugs and firearms, the Government is apprehensive about Mr. Lesley's proposed release plan based on his history of noncompliance under supervision. His record shows that he has consistently engaged in further criminal activity while on probation, parole, or supervised release. The Court shares the Government's concern. Courts have repeatedly trusted Mr. Lesley to be released from custody subject to carefully prescribed terms designed to help curtail further criminal behavior, but he

has repeatedly broken that trust. The Court hopes that someday Mr. Lesley will decide to change this patten, but on the record currently before the Court, a finding cannot be made that Mr. Lesley has met the high bar set by Congress for compassionate release.

## CONCLUSION

The Court has considered all the relevant factors for compassionate release and denies Mr. Lesley's Motion to Reduce Sentence. ECF 36.

**IT IS SO ORDERED.**

DATED this 22nd day of December, 2020.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge